## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICROSOFT CORPORATION, a
Washington corporation,

     *Plaintiff*

vs.

GAME CHEAP, LLC, a Michigan Limited
Liability Company; and DAVID
RADERMACHER, an individual,

     *Defendants.*

HON.

Case No.:

_____/

## COMPLAINT

Microsoft Corporation ("Microsoft") brings this action against defendants Game Cheap, LLC, a Michigan limited liability company; and David Radermacher, an individual ("Defendants"), alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; violation of the Anti-Counterfeiting Amendments Act of 2004; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2.     Upon information and belief, defendant Game Cheap, LLC is a Michigan limited liability company that advertises and does business through Internet websites including gamecheap.net and in Saint Clair, Michigan.  Game Cheap, LLC is engaged in the business of advertising, marketing, copying, offering, and/or distributing software, including purported Microsoft software.

3.     Upon information and belief, defendant David Radermacher is an individual who owns, operates, is a principal of, and/or otherwise controls Game Cheap, LLC.  Upon information and belief, David Radermacher (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.  Upon information and belief, David Radermacher also (a) has an apparent partnership or authority to bind Game Cheap, LLC in transactions, or (b) exercised joint ownership or control over the infringing items alleged in this Complaint.  Upon information and belief, David Radermacher transacts substantial business in this district.

## JURISDICTION

4.     This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, violation of the Anti-Counterfeiting Amendments Act of 2004, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

- 2 -

5.     This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Michigan pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the Eastern District of Michigan, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the Eastern District of Michigan.

## FACTS COMMON TO ALL CLAIMS

7.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Depending on the version, Microsoft's software programs are distributed recorded on discs, made available by Microsoft for download, or made available by Microsoft for pre-installation. Microsoft software programs are distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificate of Authenticity labels, product keys and other components.

8.     Microsoft Certificate of Authenticity labels are currency-like certificates or labeling components that are distributed with Microsoft software in order to help end-users verify whether they have genuine Microsoft software.

9.     Windows 7 Professional:   Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7").  Windows 7 is an operating system for desktop and laptop systems.  Microsoft holds a valid copyright in Windows 7 (including text, editing, artwork, computer program, and audio) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

10.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

B.      "WINDOWS," Trademark Registration No. 1,872,264;

C.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843; and

D.     COLORED FLAG START BUTTON, Trademark Registration No. 3,361,017;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

### Defendants' Infringement

11.   Defendants advertised, marketed, copied, offered, and/or distributed unauthorized copies of Microsoft software and/or components after Microsoft warned them about such misconduct.

12.   On information and belief, in their website advertisements, Defendants use copies of Microsoft's trademarks and copyrighted works without authorization, misappropriating and/or infringing Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark. Defendants indicate that they are distributing genuine Microsoft software, including but not limited to downloadable versions of Microsoft Windows software.   However, the Microsoft software and components distributed by Defendants are actually unauthorized and infringing.

13.   On information and belief, in 2016, customers notified Defendants that the Microsoft software and/or components that Defendants were distributing were pirated or suspicious, yet Defendants did not change their practices. Defendants continued to distribute infringing copies of Microsoft software.

14.     In or about June 2016, distributed to an investigator via Internet download an unauthorized copy of Microsoft Windows 7 software along with an unauthorized copy of a Windows 7 Certificate of Authenticity label.

15.     On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, copying, offering, and/or distributing counterfeit, illicit, and/or infringing copies of a variety of Microsoft's software programs and/or related components to unidentified persons or entities.

16.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

17.     On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

## First Claim
### [Copyright Infringement – 17 U.S.C. § 501, et seq.]
### Against Defendants

18.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     Microsoft is the sole owner of numerous copyrights, including but not limited to Microsoft Windows 7, and is the sole owner of the corresponding Certificates of Registration.

20.     Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows 7, by advertising, marketing, copying, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

21.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

22.     As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory and/or vicarious copyright infringement.   17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

23.    In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

25.    Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## Second Claim
### [Trademark Infringement – 15 U.S.C. § 1114]
### Against Defendants

26.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27.    Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

28.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

29.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

30.     The infringing materials that Defendants have and are continuing to advertise, market, copy, offer, and/or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

31.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, copying, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

32.     Upon information and belief, Defendants advertised, marketed, copied, offered and/or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

33.     Defendants had reason to know about infringement of Microsoft's federally registered trademarks and service mark and caused, induced, or materially contributed to it.

34.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35.     As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory and/or vicarious trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

36.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

37.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, copied, offered and/or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which

have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

38.    Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

### Third Claim
### [False Designation Of Origin, False Description And Representation – 15 U.S.C. § 1125 et seq.] Against Defendants

39.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40.    Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

41.    Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

2:16-cv-14003-JEL-EAS   Doc # 1   Filed 11/10/16   Pg 12 of 23   Pg ID 12

42.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

43.     Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

44.     Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, copied, offered and/or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.   Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

45.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

- 12 -

46.    As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, copied, offered and/or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, copying, and/or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, are continuing.

### Fourth Claim
**[Violation of the Anti-Counterfeiting Amendments Act of 2004 –
18 U.S.C. § 2318, et seq.]
Against Defendants**

47.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48.    Defendants knowingly trafficked, and on information and belief, continue to traffic in counterfeit and/or illicit labels, in violation of 18 U.S.C. § 2318.

49.    Defendants, without Microsoft's authorization, distributed or intended for distribution counterfeit Certificates of Authenticity labels and/or Certificates of

Authenticity labels without the copies of the software programs that such certificates or labeling components were intended by Microsoft to accompany.

50.     Microsoft has no adequate remedy at law for Defendant's wrongful conduct, and Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

51.     Microsoft is entitled to injunctive relief and to an order impounding all articles in the custody or control of Defendants that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit or illicit Certificate of Authenticity labels.

52.     As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.

53.     In addition, Microsoft should as the injured party be awarded attorneys' fees and costs.

### Fifth Claim
**[Michigan Common Law Unfair Competition]**
**Against Defendants**

54.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 53, inclusive.

55.     The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Michigan.

56.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Sixth Claim
### [Statutory Unfair Competition M.C.L. § 429.42]
### Against Defendants

57.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56 as if fully stated herein.

58.     Defendants' conduct as alleged above constitutes a violation of M.C.L. § 429.42.

59.     Defendants' statutory violations and other wrongful acts have injured and threaten to continue to injure Microsoft causing, among other things, a loss of customers or a likelihood of confusion of existing and/or potential customers. Moreover, Defendants have realized revenue and profits by virtue of their wrongful acts that they otherwise would not have obtained and to which they are not entitled.  Microsoft has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

60.     Microsoft has no adequate remedy at law for Defendants' actions.

## Seventh Claim
### [For Imposition Of A Constructive Trust Upon Illegal Profits]
### Against Defendants

61.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 60, inclusive.

62.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing or illicit materials as genuine Microsoft software or related components approved or authorized by Microsoft.

63.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

64.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

65.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## Eighth Claim
### [Accounting]
### Against Defendants

66.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 65, inclusive.

67.     Microsoft is entitled, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117, and 18 U.S.C. § 2318, to recover any and all profits of Defendants that are attributable to their acts of infringement.

68.     Microsoft is entitled, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117, and 18 U.S.C. § 2318, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

69.   The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, copied, offered and/or distributed by Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)   That the Court enter a judgment against Defendants as indicated below:

(a)   that Defendants have willfully infringed Microsoft's rights in its federally registered copyrights, in violation of 17 U.S.C. § 501, including but not limited to the following:  TX 7-009-361 ("Windows 7");

(b)   that Defendants have willfully infringed Microsoft's rights in its federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114, including but not limited to the following:

(1)   1,200,236 ("MICROSOFT");

(2)   1,872,264 ("WINDOWS");

(3)   2,744,843 (COLORED FLAG DESIGN); and

(4)   3,361,017 (COLORED FLAG START BUTTON);

(c)    that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d)    that Defendants have violated the Anti-Counterfeiting Amendments Act of 2004;

(e)    that Defendants have engaged in unfair competition in violation of Michigan common and statutory law; and

(f)    that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)    That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)    imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), Certificates of Authenticity ("COAs") and/or items protected by the following copyright Certificate Registration No.:  TX 7-009-361 ("Windows 7");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     1,872,264 ("WINDOWS");

(3)     2,744,843 (COLORED FLAG DESIGN); and

(4)     3,361,017  (COLORED FLAG START BUTTON);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of

any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d)     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e)     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights, including the distribution of any unauthorized product keys or others components which would facilitate (a) through (d) above;

(f)     trafficking in counterfeit or illicit labels, as defined by 18 U.S.C. § 2318; and

(g)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

(3)     That the Court enter an order pursuant to 15 U.S.C. §
1116(a)(d)(1)(A), 17 U.S.C. § 503, and 18 U.S.C.§ 2318, impounding all
counterfeit and infringing copies of purported Microsoft software and/or materials
bearing any of Microsoft's trademarks or service mark, all articles in the custody
or control of Defendants that the Court has reasonable cause to believe were
involved in the trafficking of counterfeit or illicit Certificate of Authenticity
Labels, and any related items, including business records, that are in Defendants'
possession or under their control;

(4)     That the Court enter an order that Defendants' websites be disabled by
the appropriate domain name registries and/or the registrars holding or listing the
domain names of the websites;

(5)     That the Court enter an order declaring that Defendants hold in trust,
as constructive trustees for the benefit of Microsoft, their illegal profits obtained
from the distribution of counterfeit and infringing copies of Microsoft's software,
and requiring Defendants to provide Microsoft a full and complete accounting of
all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(6)     That the Court order Defendants to pay Microsoft's general, special,
actual, and statutory damages as follows:

(a)    Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)    Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)    Microsoft's damages and Defendants' profits, pursuant to 18 U.S.C. § 2318(f)(3), for Defendants' knowing trafficking in counterfeit and/or illicit Certificate of Authenticity Labels, or in the alternative, statutory damages, pursuant to 18 U.S.C. § 2318(f)(4);

(d)    Microsoft's damages and Defendants' profits pursuant to Michigan common and statutory law.

(7)    That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8)     That the Court grant to Microsoft such other and additional relief as is just and proper.

DICKINSON WRIGHT PLLC


By: /s/ Aaron V. Burrell
        Kathleen A. Lang (P34695)
        Aaron V. Burrell (P73708)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
klang@dickinsonwright.com
aburrell@dickinsonwright.com

DATED:  November 10, 2016


DETROIT 26008-52 1406203v1